# In the United States Court of Federal Claims
(Pro Se)

|  |  |
|---|---|
| BRYAN LEE JAMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 21-1050C |
| v. ) | (Filed: April 27, 2021) |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

**Kaplan, Chief Judge.**

    The Plaintiff, Bryan Lee James, claims that as a result of his conviction for an unspecified sex offense, his name was added to the sex offender registry in accordance with the Sex Offender Registration and Notification Act (SORNA), which was established by Title I of the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, (codified at 34 U.S.C. §§ 20911–62). See Complaint at 6, Docket No. 1. In his complaint, Mr. James challenges the constitutionality of SORNA, alleging that the Act violates the due process and double jeopardy clauses of the Fifth Amendment, as well as the Eight Amendment's prohibition against cruel and unusual punishment. Id. at 6–7. He requests that his name be taken off the registry and that he be awarded $200,000 in compensatory damages for emotional distress and punitive damages in the amount of $800,000. Id. at 8.

    The substance of the complaint Mr. James filed in this case is identical to one that he filed in 2018, which was docketed as case number 18-535. On July 12, 2018, this Court granted the government's motion to dismiss case number 18-535 under Rule 12(b)(1) of the Rules of the Court of Federal Claims because none of the constitutional provisions that he cited provided an independent source of a substantive right to money damages that is required for this Court to have jurisdiction under the Tucker Act, 28 U.S.C. § 1491. Because the Court has already dismissed a case previously filed by Mr. James that makes the same allegations, his present complaint is barred by the doctrine of issue preclusion.

    The doctrine of res judicata "includes the two related concepts of claim preclusion and issue preclusion." Nasalok Coating Corp. v. Nylok Corp., 522 F.3d 1320, 1323 (Fed. Cir. 2008). The rule of issue preclusion prevents a party from re-litigating an issue that was "litigated and resolved in a valid court determination essential to the prior judgment." New Hampshire v. Maine, 532 U.S. 742, 748–49 (2001).

Issue preclusion applies when four conditions are met: "(1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) the plaintiff had a full and fair opportunity to litigate the issue in the first action." Laguna Hermosa Corp. v. United States, 671 F.3d 1284, 1288 (Fed. Cir. 2012) (quoting In re Freeman, 30 F.3d 1459, 1465 (Fed. Cir. 1994)).

Principles of issue preclusion may apply to questions of jurisdiction where the factual allegations in the first and second complaints are not materially different. See Amgen Inc. v. United States Int'l Trade Comm'n, 902 F.2d 1532, 1536 n.5 (Fed. Cir. 1990); see also Lowe v. United States, 79 Fed. Cl. 218, 228 (2007) (stating that the doctrine of issue preclusion "goes to subject matter jurisdiction, and may be pleaded as a 12(b)(1) motion" (citing Schwasinger v. United States, 49 Fed. Appx. 888, 888 (Fed. Cir. 2002) (affirming lower court's dismissal of a plaintiff's third complaint on the basis of issue preclusion because plaintiff's two prior complaints were identical to the third complaint and had been dismissed for lack of subject matter jurisdiction)). Of course, "if the second-filed claim contains new information which cures the jurisdictional defect fatal to the first-filed suit, then the second-filed suit presents a different jurisdictional issue and res judicata does not apply." Goad v. United States, 46 Fed. Cl. 395, 398 (2000).

Each of the four conditions required to establish issue preclusion is present here. First, there is no difference between the facts alleged in the complaint here, and those alleged in case number 18-535. The issue of subject matter jurisdiction is therefore identical to the one previously litigated. Second, the issue of subject matter jurisdiction that is before the Court here was actually decided in the earlier case. Third, the resolution of the jurisdictional issue in the first case was essential to the final judgment in that case. Finally, Mr. James had a "full and fair opportunity to litigate the issue in the first action." Laguna Hermosa Corp., 671 F.3d at 1288.

In short, the doctrine of issue preclusion prevents Mr. James from re-litigating the subject matter jurisdiction of this Court over his complaint in the above-captioned case, which was already fully litigated and dismissed by the Court in case number 18-535. The complaint is **DISMISSED** based on issue preclusion and for lack of subject matter jurisdiction. The Clerk is directed to enter judgment accordingly.[1]

**IT IS SO ORDERED.**

*Elaine D. Kaplan*
ELAINE D. KAPLAN
Chief Judge

---

[1] Mr. James has also filed a motion to proceed in forma pauperis (Docket No. 5), which the Court **GRANTS**.